IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER McGINN** : <br> 7800 Fillmore Street : <br> Rockledge, PA 19046 : <br>   : <br> **Plaintiff,** : <br>   : <br> vs. : <br>   : <br> **TIMOTHY COLEMAN** : <br> 1515 Arch Street, 14th Floor : <br> Philadelphia, PA 19102 : <br> and : <br> **CITY OF PHILADELPHIA** : <br> 1515 Arch Street, 14th Floor : <br> Philadelphia, PA 19102 : <br>   : <br> **Defendants** : | CIVIL ACTION NO. <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION

1.  Plaintiff is an adult individual residing at the above-captioned address.

2.  Defendant Timothy Coleman (Coleman) is an adult individual who was at all times relevant hereto a Police Officer of Defendant City of Philadelphia with his principle place of business at the above-captioned address.

3.  At all times relevant hereto, Defendant Coleman acted or failed to act as the agent, servant or employee of the City of Philadelphia and did so under the color of State law and pursuant to his authority as a Police Officer.  He is sued individually and in his official capacity.

4.  Defendant City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania, the employer of Defendant Coleman, with its principle place of business at the above-captioned address.

(1)

Case 2:06-cv-05675-ER   Document 1   Filed 12/29/06   Page 2 of 7

5. This is an action at law for damages sustained by a citizen of the United States and brought against a Police Officer of the Police Department of the City of Philadelphia who unlawfully imprison, arrested, assaulted and harassed Plaintiff herein and against the City of Philadelphia as the employer of said Police Officer sued as a "person" under 42 U.S.C. §1983.

6. This action is brought pursuant to 42 U.S.C. §1983, and the 1st, 4th, 5th, 8th and 14th Amendments to the Constitution of the United States.

7. The jurisdiction of this Court is predicated on 28 U.S.C. §1344(3) and (4) and §1331. This Court also has pendent jurisdiction to hear and adjudicate claims brought under the laws and Constitution of the Commonwealth of Pennsylvania.

8. On or about November 24, 2005, Plaintiff was lawfully in the vicinity of Clearfield and Janney Streets in the City of Philadelphia and was acting in a law abiding manner.

9. At the aforementioned time and place, Plaintiff was assaulted and handcuffed by Defendant Coleman.

10. At the aforementioned time and place, Defendant Coleman did intentionally, maliciously, recklessly and/or negligently, forcibly place Plaintiff under arrest. Plaintiff at no time used any force, nor did he unlawfully resist his arrest.

11. At the aforementioned time and place, Defendant Coleman did intentionally, maliciously, recklessly and/or negligently strike Plaintiff on or about his head, knock him to the ground, handcuff and then kicked Plaintiff.

12. At the same time and place other Police Officers of the City of Philadelphia, whose identities are presently unknown, stood by, observed the aforementioned acts, and failed to carry out the sworn duties of a Police Officer to prevent the commission of a crime, especially

(2)

a crime committed in their presence, that is the above-described unprovoked and unjustified assault and battery upon Plaintiff.

13. Defendant Coleman kept Plaintiff handcuffed on the ground for a period of time after which he uncuffed Plaintiff and directed him to leave the area.

14. Plaintiff was not advised of any reason for arrest.

15. The Defendants and each of them directed, participated in, agreed to and/or approved and/or ratified the aforementioned unprovoked, and unjustified arrest, assault and battery upon Plaintiff, and his false imprisonment.

16. Defendants and each of them, caused Plaintiff to be assaulted and imprisoned without probable cause.

17. The Defendants and each of them acted wilfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from cruel and unusual punishment, freedom from the use of excessive force, freedom from illegal detention and imprisonment.  All of these rights are secured to Plaintiff by provision of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by U.S.C. §1983.

18. In assaulting and imprisoning Plaintiff, the Defendants and each of them, knew or should have known they were violating the aforesaid Constitutional rights and statutory rights.

19. As a direct result of the aforementioned acts and/or omissions of Defendants and each of them, Plaintiff has suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of his body, including but not limited to multiple lacerations of the scalp requiring staples and closed head injury, and other secondary

problems and complications, the full extent of which are not yet known and some or all of which may be permanent in nature.

20. As a further result of the aforementioned acts and/or omissions of Defendants and each of them, Plaintiff has in the past and may in the future be prevented from attending to his normal duties, occupations and avocations. In addition, he has in the past suffered and may continue in the future to suffer pain, mental anguish, humiliation, loss of sense of worth and well-being, inability to engage in his normal activities and inability to pursue the normal and ordinary pleasures of life.

21. As a result of the aforementioned acts and/or omissions of Defendants and each of them, Plaintiff has in the past required and may in the future continue to require medical care and/or other treatment and has in the past incurred and may in the future incur expenses for medicine, hospital/medical care and/or rehabilitation care to attend to, treat, alleviate, minimize and/or cure his conditions.

22. Plaintiff will further be forced to incur substantial obligations for attorney's fees and other costs in the present Civil Action.

## COUNT I
## PLAINTIFF vs. COLEMAN - FEDERAL

23. Plaintiff incorporates paragraphs one through twenty-two (1-22) as though fully set forth at length herein.

24. At all times relevant hereto, Defendant Coleman was in uniform and was acting and/or purporting to act in his capacity as a Police Officer of the City of Philadelphia.

25. Defendant Coleman intentionally violated Plaintiff's rights under the aforementioned Amendments to the United States Constitution and Commonwealth of

Pennsylvania's Constitution.

26. Defendant Coleman intentionally, wilfully and maliciously assaulted Plaintiff both before and after he was handcuffed, striking him numerous times about the head and various other parts of his body causing the aforementioned injuries.  This was excessive force under the circumstances.

27. With full knowledge of Plaintiff's injuries, Defendant Coleman intentionally, wilfully and maliciously delayed necessary medical care and treatment to Plaintiff and/or was deliberately indifferent to his medical needs.

28. By the aforementioned acts and/or omissions, Defendant Coleman intentionally inflicted emotional distress, pain and suffering upon Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants jointly and severally for a sum in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages as well as punitive damages together with lawful interest, costs and attorney's fees.

### COUNT II
### PLAINTIFF vs. CITY OF PHILADELPHIA-FEDERAL

29. Plaintiff hereby incorporates paragraphs one through twenty-eight (1-28) as though each were fully set forth at length herein.

30. The aforementioned actions taken by the Defendant Coleman against Plaintiff were done with the intent to humiliate, harass and otherwise subject Plaintiff to deprivation of his federal, statutory and constitutional rights including but not limited to Plaintiff's rights under the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

31. The actions of Defendant Coleman were taken pursuant to the policies, practices and/or customs of the Defendant City of Philadelphia, inter alia, to submit citizens to the excessive use of force and other humiliating, intimidating and harassing tactics during arrest. These policies, practices and/or customs have been sanctioned by the City of Philadelphia and it has refused to terminate these policies, practices and/or customs to discipline or otherwise correct police officers who engage in such conduct.

32. The Defendant City of Philadelphia, as a matter of policy, practice and/or custom refused to properly discipline police officers who engage in said conduct or in other unlawful conduct or to properly train them with respect to the constitutional and statutory limits of their authority, thereby causing police officers, including the Officer-Defendant in this case to engage in such unlawful conduct.

33. Defendant City of Philadelphia as a matter of policy, practice and/or customs failed to develop, institute, monitor and effectuate psychological testing of candidates for the position of police officer and appointed police officers,

34. Defendant City of Philadelphia as a matter of policy, practices and/or customs failed to provide an adequate and/or appropriate training for police officers, such as Defendant Coleman as to the statutory and/or constitutional limits of their authority.

35. Defendant City of Philadelphia as a matter of policy, practices and/or customs failed to provide adequate and/or appropriate training for police officers such as Defendant Coleman in the use of force to effectuate an arrest.

36. Defendant Coleman acts and/or omissions were the direct result of the above-mentioned policies, practices and/or customs.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant City of Philadelphia for a sum in excess of Fifty Thousand Dollars ($50,000.00), together with lawful interest, costs and attorney's fees.

## COUNT III
## PLAINTIFF vs. COLEMAN - STATE

37. Plaintiff hereby incorporates paragraphs one through thirty-six (1-36) as though each were fully set forth at length herein.

38. Defendant Coleman committed an assault and battery upon Plaintiff without sufficient cause of provocation.

39. Defendant Coleman intentionally caused the false imprisonment of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, jointly and severally for a sum in excess of Fifty Thousand Dollars ($50,000.00), in compensatory damages as well as punitive damages together with lawful interest, costs and attorney's fees.


　　_s/Agostino Cammisa_
**AGOSTINO CAMMISA, ESQUIRE**
**Attorney I.D. No. 19692**
**Attorney Signature Code: AC5023**
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
(215) 575-7600
**Attorney for Plaintiff**

(7)